**Exhibit "A"**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

Index No.: _____ 2021

---------------------------------------------------------------X

LENA ANNE STOCK,

        Plaintiff(s),

-against-

TARGET CORPORATION,

        Defendant(s).

---------------------------------------------------------------X

Plaintiff Designates SUFFOLK County as the place of trial.

The basis of venue is:

PLAINTIFF'S RESIDENCE

**SUMMONS**
Plaintiff resides at:

580 CONNETQUOT AVENUE,
ISLIP, NEW YORK 11752

COUNTY OF SUFFOLK

**TO THE ABOVE NAMED DEFENDANT(S):**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED:     HAUPPAUGE, NY.
                    July 20, 2021.

                                          YOURS, ETC.,

                                          PALERMO LAW, P.L.L.C.

                                          BY: STEVEN J. PALERMO, ESQ.
                                          ***ATTORNEYS FOR PLAINTIFF***
                                          OFFICE & P.O ADDRESS
                                          1300 VETERANS MEMORIAL HIGHWAY
                                          SUITE 320
                                          HAUPPAUGE, NY 11788
                                          (631) 265-1051

**DEFENDANT TO BE SERVED THROUGH SECRETARY OF STATE OF NY.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X

LENA ANNE STOCK,                                   Index No.: _____-21

               Plaintiff,

      - against -                                         **VERIFIED COMPLAINT**

TARGET CORPORATION,

                Defendant.

---------------------------------------------------------------X

        Plaintiff herein, LENA ANNE STOCK, by her attorneys, PALERMO LAW, P.L.L.C., complaining of the defendant, respectfully sets forth and alleges as follows:

        FIRST:      That at all times herein mentioned, plaintiff herein was and still is an adult, and a resident of the County of Suffolk and State of New York.

        SECOND:      Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, on JANUARY 5TH, 2021.

        THIRD:      Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was a foreign corporation, duly authorized to conduct business within the State of New York, on JANUARY 5TH, 2021.

        FOURTH:      Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was conducting business as "TARGET", a department store located at 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021.

        FIFTH:      Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was the LESSOR of premises known as 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021.

SIXTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was the LESSEE of premises known as 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021.

SEVENTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was the owner of premises known as 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021.

EIGHTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, was the owner of premises known as 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021, including a certain storage container located outside of the main building.

NINTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, together with their agents, servants, and/or employees, was responsible for the operation of the aforesaid premises known as "TARGET", located at 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021, including a certain storage container located outside of the main building.

TENTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, together with their agents, servants, and/or employees, was responsible for the supervision of the aforesaid premises known as "TARGET", located at 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021, including a certain storage container located outside of the main building.

ELEVENTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, together with their agents, servants, and/or employees, was responsible for the maintenance of the aforesaid premises known as "TARGET", located at

5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021, including a certain storage container located outside of the main building.

TWELFTH: Upon information and belief, at all times hereinafter mentioned, the defendant, TARGET CORPORATION, together with their agents, servants, and/or employees, was responsible for the management of the aforesaid premises known as "TARGET", located at 5750 Sunrise Highway, Sayville, New York, 11782, on JANUARY 5TH, 2021, including a certain storage container located outside of the main building.

THIRTEENTH: That at all times herein mentioned, the plaintiff, LENA ANNE STOCK, was lawfully within the aforesaid storage container, located outside of the main building, on JANUARY 5TH, 2021, at approximately 11:00 A.M.

FOURTEENTH: That at all times herein mentioned, the plaintiff, LENA ANNE STOCK, was lawfully within the aforesaid storage container, located outside of the main building, on JANUARY 5TH, 2021, at approximately 11:00 A.M. during the course of her employment as a Vendor for "American Greetings".

FIFTEENTH: That at all times herein mentioned, while the plaintiff, LENA ANNE STOCK, was lawfully within the aforesaid storage container together with a "Receiver" (employee of the defendant), on JANUARY 5TH, 2021, when a table they were standing near suddenly collapsed, striking the plaintiff and causing her to sustain personal injuries.

SIXTEENTH: That the injuries suffered by the plaintiff, LENA ANNE STOCK, on JANUARY 5TH, 2021, were caused solely and wholly through the negligence of the defendant herein, and/or their agents, servants, and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

SEVENTEENTH: The defendant, **TARGET CORPORATION,** together with their agents, servants, and/or employees, were negligent, careless and reckless at the time and place

aforesaid in the ownership, operation, management, maintenance, supervision and control of the aforesaid premises, as follows:

- in that they caused, permitted and allowed a dangerous and defective condition to exist on their premises;

- in that they allowed said dangerous and defective condition to remain in existence while the plaintiff was in the process of performing her duties as a vendor upon the defendant's premises;

- in failing to provide a safe area for the plaintiff while she was performing her duties as a vendor upon the defendant's premises;

- in providing a defective and dangerous table, or other structure, to be within the storage container, and in the vicinity of the plaintiff;

- in causing and allowing a metal table to collapse and fall, striking the plaintiff, causing serious injury to her;

- in failing to warn the plaintiff of the dangerous and hazardous condition, when they knew, or in the prudent operation and maintenance of their premises should have known, that the aforesaid dangerous and hazardous condition might cause injury to the plaintiff, or others;

- in failing to maintain the safety of their premises in a timely and efficient manner;

which resulted in the plaintiff sustaining serious personal injuries, and the defendant was otherwise negligent in the premises.

EIGHTEENTH: That as a direct and proximate result of the negligence of the defendant herein as aforesaid, the plaintiff, **LENA ANNE STOCK**, sustained severe and permanent personal injuries, in and about her head, body and limbs; was caused to become sick, sore, lame and disabled; and may have sustained an aggravation or activation of a prior-existing

condition which was either known or unknown, latent or patent; suffered injuries to her nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; required medical treatment and therapy; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff was otherwise injured damaged.

NINETEENTH: That by reason of the foregoing, plaintiff, **LENA ANNE STOCK,** has been damaged in an amount that exceeds the monetary limits of all lower courts, and which shall ultimately be determined by this court and/or a jury.

TWENTIETH: **That this action falls within one or more of the exceptions as set forth in CPLR 1602.**

WHEREFORE, plaintiff herein demands judgment against the defendant, **TARGET CORPORATION,** in a sum which exceeds the monetary limits of all lower courts, and which shall ultimately be determined by this court and/or a jury, together with such other, further, and different relief as to the court may seem just, equitable and proper.

DATED:  HAUPPAUGE, NEW YORK.
         August 16, 2021.

                                                    YOURS ETC.,

                                                    _____
                                                    PALERMO LAW, P.L.L.C.
                                                    BY: STEVEN J. PALERMO, ESQ.
                                                    ***ATTORNEYS FOR PLAINTIFF***
                                                    1300 VETERANS HIGHWAY, SUITE 320
                                                    HAUPPAUGE, NY  11788
                                                    (631) 265-1051

TO: DEFENDANT IN PERSON.

# VERIFICATION

STATE OF NEW YORK )
                                   SS.:
COUNTY OF SUFFOLK )

LENA ANNE STOCK, being duly sworn, deposes and says:

That I am one of the plaintiffs in the within action and as such has read the foregoing BILL OF PARTICULARS, and knows the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are documents, records, conversations, and other pertinent information.

X _Lena Anne Stock_
                 LENA ANNE STOCK

Sworn to before me this 16th day of August, 2021.

_____
NOTARY PUBLIC

Ana M. Murillo
Notary Public, State of New York
Reg. No. No. 01MU6043903
Qualified in Suffolk County
Commission Expires June 26, 20 22

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF **SUFFOLK**

---

LENA ANNE STOCK

                              Plaintiff(s),

- against -

ASHLEY L. EVANS AND JOSEPH C. VELLA,

                              Defendant(s).

---

VERIFIED BILL OF PARTICULARS

---

## *PALERMO LAW, P.L.L.C.*
*Attorneys for Plaintiff*
*1300 VETERANS MEMORIAL HIGHWAY*
*SUITE 320*
*HAUPPAUGE, NY 11788*
*(631) 265-1051*

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*_____        *Signature*_____

---

*Service of a copy of the within*

*Dated:*_____

                                            _____

                                            *Attorney(s) for*

---